# Staunton

G. E. LEGG v. COUNTY SCHOOL BOARD OF WISE COUNTY AND NATIONAL SURETY COMPANY.

September 17, 1931.

Present, Prentis, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*George L. Taylor, H. E. Widener* and *Henry Roberts,* for the plaintiff in error.

*O. M. Vicars* and *H. J. Kiser,* for the defendants in error.

EPES, J., delivered the opinion of the court.

This case is here on a writ of error granted G. E. Legg to a judgment of the Circuit Court of Wise county which sustains the demurrers of the defendants, county school board of Wise county and National Surety Company, to the notice of motion for judgment filed against them by Legg.

The judgment sustaining the demurrer of the National Surety Company is plainly right; and, as we understand the plaintiff in error to admit this in his argument, we shall not notice it further.

With reference to the liability of the school board the material allegations of the notice are as follows:

The county school board of Wise county advertised for bids for the construction of an addition to its school building at Coeburn. The bids were required to be made on forms for proposal furnished by the school board, which directed that the proposals be addressed "to the county school board of Wise county, care of Superintendent J. J. Kelly, Jr., Wise, Virginia."

The forms for the proposals provided that the successful bidder should give a bond conditioned in accordance with the "standard form for bond," set out in the proposal, as a part of the "general conditions and specifications." The

form for bond there set out was conditioned, among other things, that the principal "shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same * * * and shall pay all persons who have contracted directly with the principal for labor and material."

J. H. O'Dell submitted a bid on the prescribed form for proposals. His bid was accepted, and the board contracted with him for the construction of this addition; but the board accepted from him a bond conditioned merely for the faithful performance by O'Dell of his contract with the board.

Subsequently O'Dell submitted "the plans, together with said general conditions and specifications," to Legg; and asked him to make a bid for furnishing and installing the plumbing and heating appliances; and informed Legg "that he had executed bond as required thereunder."

Legg, relying upon the fact that O'Dell had given bond on the "standard form" set out in the general conditions and specifications, contracted with O'Dell to furnish and install the plumbing and heating appliances for $2,900.00.

*"On or about December 21, 1926, plaintiff notified said county school board of Wise county, that the plumbing and heating job would be finished on or about February 1, 1927, and in said notice or letter set forth the amount, or probable amount, which would be due plaintiff at that time, and requested said school board to protect said balance which would be due, and on or about December 23, 1926, said county school board of Wise county, by J. J. Kelly, Jr., division superintendent and agent, acting for said school board, notified plaintiff that plaintiff and the school board would be protected on account of any moneys which might be due from said J. H. O'Dell to plaintiff as set forth in the notice given by the plaintiff to said school board."*

Thereafter the school board paid to O'Dell the balance due him under his contract, without paying to Legg the

amount due Legg by O'Dell, or making any deduction therefor from the amount paid O'Dell.

Since the school board settled with O'Dell, he has taken bankruptcy, without having paid Legg the full amount due him for the plumbing and heating appliances installed in this building. The balance due by O'Dell to Legg is $1,658.92 with interest from March 1, 1927; and Legg alleges that he is entitled to recover this amount from the school board by reason of the facts which are above set forth.

■ The school board incurred no liability to Legg by reason of the fact that, before Legg contracted with O'Dell, it had modified its agreement with O'Dell and accepted from him a bond different from that called for by the original conditions and specifications.

If the school board is obligated to pay Legg the amount owing to him by O'Dell, it is because of the matter alleged in the paragraph printed above in italics, and we are of opinion that the allegations of that paragraph, when read in the light of all other allegations in the notice, are insufficient to fix any liability upon the school board.

■ The notice does not allege a promise by the school board to pay this debt, or a state of facts from which such a promise may properly be implied. The facts alleged are these: Legg notified the school board advising it of the amount of his bill and asking it to protect him in collecting it. In reply Kelly, the division superintendent of schools, "notified" Legg that the "plaintiff (Legg) and the school board would be protected on account of any money which might be due from said O'Dell to plaintiff."

Even if Kelly was directed and authorized by the school board to so notify Legg, this was not a promise by the school board that it would protect Legg. On the contrary, it is a statement that Legg needed no protection by the school board, because both he and the board would be protected in some other way, which is not named. Instead of import-

ing a promise that the school board would protect Legg, it amounts to telling him to look elsewhere for his protection.

Further, if this could be construed to be a promise by the school board to protect Legg, there is no allegation of any consideration for the promise, or facts from which a consideration may properly be implied. The school board owed no legal duty to Legg to promise to protect him. The mechanics' lien laws of Virginia (Code 1930, section 6426, *et seq.*) do not apply to public buildings, and Legg could not have placed a mechanics' lien on this building for the amount due him by O'Dell, or have fixed a personal liability upon the school board by giving it notice of the debt due him by O'Dell. Therefore, the promise, if such there was, was not given in pursuance of a personal liability of the board or to protect the property from having a lien placed thereon; and there are no facts here pleaded to show that a situation had arisen in which in order to get the work done there was any apparent necessity for the board to assume the payment of sums due this subcontractor, or which gave the board the legal right to intervene between O'Dell and Legg and withhold payment from O'Dell and make payment to Legg of the debt due him by O'Dell. The facts in this case are very different from the facts in *Richmond Engineering, etc., Corp.* v. *Loth*, 135 Va. 110, 115 S. E. 774, and *School Board* v. *Saxon Lime, etc., Co.*, 121 Va. 594, 93 S. E. 579, and the opinions in these two cases are not applicable to the case at bar.

In view of the argument in this case, made at the bar of this court, it is pertinent to note here also that since the enactment of chapter 423, Acts 1922, the division superintendent of schools has not been a member of the county school board. Sections 639 and 640, Code 1919, were repealed by chapter 423, Acts 1922. (See particularly section 5 and section 12 of that act, which appear as section 644e and section 644l in Michie's Code Va. 1930.) Nor was he

*ex officio* the agent of the school board in this matter; nor did the fact that bidders were directed to enclose their proposals in sealed envelopes addressed to the board, "care of Superintendent J. J. Kelly," either expressly or impliedly confer upon Kelly any authority to act as the agent of the school board for any purpose other than to receive such sealed envelopes.

The trial court did not err in sustaining the demurrers of both defendants; and as no request for leave to amend has been asked, the judgment of the court giving final judgment for the defendants is affirmed.

*Affirmed.*